IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDWIGE WYMAN ROSERO | § | United States District Court |
| | § | Southern District of Texas |
| | § | ENTERED |
| Plaintiff, | § | SEP - 8 2011 |
| | § | |
| | § | David J. Bradley, Clerk of Court |
| v. | § | CIVIL ACTION NOS. 1-10-85, |
| | § | 1-10-51 |
| BALDEMAR FUENTES & FUENTES | § | |
| SOUTHMOST PROPERTIES, LLC. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

BE IT REMEMBERED, that on September __8__, 2011, the Court **GRANTED** Plaintiff's Motion for Summary Judgment, Dkt. No. 10, and **DENIED** Defendants' Motion to Dismiss and for Summary Judgment. Dkt. No. 20.

### I. BACKGROUND

Plaintiff Edwige Wyman Rosero ("Rosero") brings this action to recover on a promissory note signed by Defendant Baldemar Fuentes on behalf of himself and Fuentes Southmost Properties LLC (collectively "Fuentes") on August 7, 2006. *See* Loan Agreement, Dkt. No. 1 Ex. 1-B at 5. The parties apparently do not dispute the contents of this document or that it was signed. *Compare, e.g.*, Dkt. No. 10 Ex. A *with* Dkt. No. 20 Ex. B (parties attach identical copies of note to their pending motions). This note reads as follows:

> FOR VALUE RECEIVED, Baldemar Fuentes, on behalf of self and Fuentes Southmost Properties, a company whose address is . . . , ("Maker") promises to pay within 180 days of written notice to the order of Edwige Wyman Rosero, whose address is . . . , or to subsequent holders Wicky Mendoza or Winnie Mendoza (collectively "Payee")the sum of up to 521,000.00 dollars ($521,000.00) in the lawful currency of the United States, together with interest thereon at the rate of six percent (6%) per annum, computed on the basis of a 12-month year. This

1

> note is meant to substitute any other loans previously granted. All other notes are considered null and void.

*Ibid.*

Plaintiff avers that Fuentes defaulted on this note and that she "accelerated the debt according to the terms of the note." Pl.'s Am. Orig. Pet. ¶ 4, Dkt. No. 1 Ex. 1-B. They move for summary judgment. Dkt. No. 10.

Defendants respond that the note in question, the last in a series of eight promissory notes signed by Fuentes, *see* Dkt. No. 11 Ex. G, was part of a joint venture formed by Fuentes and Rosero. According to Fuentes, Rosero agreed to provide capital for a business in which the parties would purchase, upgrade, and then resell real estate. *See generally* Dkt. No. 11 at 1. According to Fuentes, recent difficulties in the United States real estate market have dealt the parties financial setbacks, the risk of which Rosero agreed to bear as part of the joint venture. *See id.* at 2. They have filed counterclaims for breach of joint enterprise agreement, interference with contractual relationship, and negligence. *See* Dkt. No. 1 Ex. 6 at 3–4. These claims remain pending and are not the subject of the motions now before the Court. Citing to the note's last two sentences, Plaintiff argues that Defendants may not develop their joint venture theory as a defense to her claim because it is precluded by the parole evidence rule. *See* Dkt. No. 10 at 3–5.

Defendants also move to dismiss or for entry of summary judgment on Plaintiff's claim for relief. Dkt. No. 20. They argue that, whether the instrument on which Plaintiff sues is a letter of credit or a negotiable instrument, Plaintiff's action is time-barred. *See id.* Plaintiff has not timely responded to this motion.[1]

## II. SUMMARY JUDGMENT STANDARD

Defendants argue that Texas summary judgment standards govern the motions presently before the Court. Dkt. No. 11 at 4–5. Because jurisdiction in this case is based upon diversity of citizenship under 28 U.S.C. § 1332, this Court

---

[1] This court struck Plaintiff's initial responses as untimely. Dkt. No. 29. On July 7, 2011, this Court granted Plaintiff an extension of the deadline to respond to Defendants' Motion to Dismiss and for Summary Judgment, Dkt. No. 20. Plaintiff did not file a response.

2

applies the federal summary judgment standard, not that of Texas. *See, e.g., Royal Surplus Lines Ins. Co. v. Brownsville Indep. Sch. Dist.*, 404 F.Supp.2d 942, 948 (S.D.Tex. 2005) (Hanen, J.) ("[T]he concept of a 'no evidence' summary judgment neither accurately describes federal law nor has any particular import in . . . federal summary judgment procedure."); *Trautmann v. Cogema Mining, Inc.*, Civ. A. No. 5:04–CV–117, 2007 WL 1577652, at *3–*4 (S.D. Tex. 2007) (collecting cases); *Yin v. Wal-Mart Stores, LP,* Civ. A. No. B-09-26, 2009 WL 3753491, at *3 (S.D. Tex. Nov. 6, 2009) (Tagle, J.); *see also Cardner v. Home Depot U.S.A., Inc*, 561 F.Supp.2d 640, 643 (E.D. Tex. 2006) (declining to utilize Texas no-evidence summary judgment rule in diversity premises liability action). Under the Federal Rules of Civil Procedure, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c) (2011); *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006); *Lockett v. Wal-Mart Stores, Inc.*, 337 F. Supp. 2d 887, 891 (E.D. Tex. 2004). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant." *Piazza's Seafood World, LLC*, 448 F.3d at 752 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court must view all evidence in the light most favorable to the non-moving party. *Piazza's Seafood World, LLC*, 448 F.3d at 752; *Lockett*, 337 F. Supp. 2d at 891. Factual controversies must be resolved in favor of the non-movant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Thus, the Court will not, "*in the absence of proof, assume that the nonmoving party could or would prove the necessary facts.*" *Id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)); *see also TIG Ins. Co. v. Eagle, Inc.*, Civ. A. No. 05-0179, 2007 WL 861153, at *2 (E.D. La. 2007) (quoting *Little*, 36 F.3d at 1075), *rev'd on other grounds* 294 F.App'x. 920 (5th Cir. 2008).

"[O]nce the moving party establishes that there are no factual issues, the burden shifts to the nonmoving party to produce evidence that a genuine issue of

material fact exists for trial." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 468 (5th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The non-movant has no duty to respond to a motion for summary judgment until the moving party meets its burden of showing that no genuine issue of fact exists. *See Lockett*, 337 F. Supp. 2d at 891 (citing *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993)). However, if the movant carries its burden, the non-movant must then come forward with specific evidence to show that there is a genuine issue of fact. *Lockett*, 337 F. Supp. 2d at 891; *see also Ashe*, 992 F.2d at 543. The non-movant may not merely rely on conclusory allegations or the pleadings. *Lockett*, 337 F. Supp. 2d at 891. Rather, it must produce specific facts identifying a genuine issue to be tried in order to avoid summary judgment. FED. R. CIV. P. 56(e) (2010); *Piazza's Seafood World, LLC*, 448 F.3d at 752; *Lockett*, 337 F. Supp. 2d at 891. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)). Thus, once it is shown that a genuine issue of material fact does not exist, "[s]ummary judgment is appropriate . . . if the non-movant 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'" *Arbaugh v. Y&H Corp.*, 380 F.3d 219, 222–23 (5th Cir. 2004) (quoting *Celotex*, 477 U.S. at 322), *rev'd on other grounds* 546 U.S. 500 (2006).

III. DISCUSSION

To prevail in an action on a promissory note under Texas law, a plaintiff must prove: "(1) the existence of the note in question; (2) that the party sued signed the note; (3) that the plaintiff is the owner or holder of the note; and (4) that a certain balance is due and owing on the note." *SMS Fin., Ltd. Liability Co. v. ABCO Homes, Inc.*, 167 F.3d 235, 238 (5th Cir. 1999) (citing *Bean v. Bluebonnet Savings Bank FSB*, 884 S.W.2d 520, 522 (Tex.App.-Dallas 1994)). Plaintiff attaches three documents to her motion for summary judgment: (1) a copy of the August 6, 2007, promissory note, including a signature; (2) a letter dated July 24, 2007, from

Rosero's attorney demanding payment on the amount appearing on the face of the note; and (3) an affidavit in support of Plaintiff's request for attorney's fees.[2] Dkt. No. 10 Ex. A–B. This evidence suffices to meet Plaintiff's summary judgment burden. *See SMS Fin., Ltd. Liability Co.*, 167 F.3d at 238 ("When an instrument is payable to an identifiable person, the 'holder' is the person in possession if he is that identified person").

The burden thus shifts to Fuentes to produce evidence of a genuine issue of material fact for trial.[3] *See Bustis*, 599 F.3d at 468. Defendants argue that the statute of limitations has run on Plaintiff's claims. Dkt. No. 20. They also assert that a genuine issue of fact exists concerning the terms of the note. *See* Dkt. No. 11 at 13–20.

---

[2] Summary judgment evidence must be admissible and therefore must be authenticated. *See McIntosh v. Partridge*, 540 F.3d 315, 322 n.6 (5th Cir. 2008). Among other things, "[c]ommercial paper, signatures thereon, and documents relating thereto to the extent provided by general commercial law" is self-authenticating. FED. R. EVID. 902(9) (2011).

[3] Defendants point out that the state court twice denied similar motions for summary judgment filed by Plaintiff before this case was removed. *See* Dkt. No. 11 Ex. A–D. They suggest that this Court should take cognizance of these decisions and give them preclusive effect under the law-of-the-case doctrine.

As the Fifth Circuit recently explained in *USPPS, Ltd. v. Avery Dennison Corp.*, "[t]he law of the case doctrine, as formulated in this circuit, generally precludes reexamination of issues of law or fact decided on appeal, either by the district court on remand or by the appellate court itself on a subsequent appeal." ___ F.3d ___, 2011 WL 2811537, at *8 (5th Cir. July 19, 2011) (quoting *Todd Shipyards Corp. v. Auto Transp., S.A.*, 763 F.2d 745, 750 (5th Cir. 1987)). The doctrine constitutes a judicial practice, not a limitation on a court's power. *Id.* (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)). As a result, the Fifth Circuit has held that "a district court is not precluded by the law-of-the-case doctrine from reconsidering previous rulings on interlocutory orders such as summary judgment motions, . . . even though [the motion filed in the federal court] encompassed many of the arguments rejected by the state trial court in its judgment." *Louisiana v. Guidry*, 489 F.3d 692, 698 (5th Cir. 2007) (quoting *United States v. Palmer*, 122 F.3d 215, 220 (5th Cir. 1997)).

The Court may give persuasive weight to the prior decisions of state court judges. However, the orders denying the motions for summary judgment entered in the state court cite no legal authority and do not explain their reasoning. *See* Dkt. No. 11 Ex. B, D. The Court declines to give them preclusive effect in these circumstances.

A.  Statute of Limitations

Defendants assert that this action is time-barred because the note is payable to three payees jointly and not all payees have been joined as Plaintiffs. Defendants did not plead the affirmative defense of the statute of limitations in their answer. *See* Dkt. No. 23 Ex. C. Defendants rely on the following provision of the Texas version of the Uniform Commercial Code (UCC):

> If an instrument is payable to two or more persons alternatively, it is payable to any of them and may be negotiated, discharged, or enforced by any or all of them in possession of the instrument. If an instrument is payable to two or more persons not alternatively, it is payable to all of them and may be negotiated, discharged, or enforced only by all of them. If an instrument payable to two or more persons is ambiguous as to whether it is payable to the persons alternatively, the instrument is payable to the persons alternatively.

TEX. BUS. & COMM. CODE § 3-110(d) (Vernon 2011). The note's maker "promises to pay . . . to the order of Edwige Wyman Rosero . . . , or to subsequent holders Wicky Mendoza or Winnie Mendoza (collectively 'Payee') . . . ." Dkt. No. 10 Ex. A; Dkt. No. 20 Ex. B. The parenthetical language might arguably suggest that the payees should be treated "collectively." However, the disjunctive "or" separating the named payees paradigmatically demonstrates that the instrument is payable to those payees alternatively. *See Allied Capital Partners v. Bank One*, 68 S.W.3d 51, 53 (Tex.App-Dallas 2001) (citing TEX. BUS. & COMM. CODE § 3-110(d) (instrument payable to multiple payees separated by "or" is payable to payees alternatively; "'or' means 'or', and 'and' means 'and'"). At most, this language creates ambiguity under Section 3-110(d), which renders the note payable in the alternative.[4] As a result, the other payees need not have been joined as plaintiffs in this action.

Defendants also argue that the one-year statute of limitations applicable to an action on a letter of credit governs this case. *See* Dkt. No. 20 at 7; TEX. BUS. & COMM. CODE § 5-115. A letter of credit "is an instrument that obligates the issuer to

---

[4] The Court does not determine whether the language "(collectively 'Payee')" creates ambiguity, for the same result obtains even if it does.

pay a sum of money to the beneficiary upon the beneficiary's proper presentment of the letter."[5] *Westwind Exploration, Inc. v. Homestate Sav. Ass'n*, 696 S.W.2d 378, 380–81 (Tex. 1985) (citing *Republic Nat'l Bank v. Nw. Nat'l Bank*, 578 S.W.2d 109, 112 (Tex. 1978)). It requires three parties: (1) the account party, (2) the beneficiary, and (3) the issuer.[6] *Id.* As this document involves only a maker and payee, it falls outside the definition of a letter of credit, and the one-year statute of limitations applicable to actions on letters of credit does not apply. *See* Dkt. No. 20 at 7.

### B. Parol Evidence Rule

In response to Plaintiff's motion for summary judgment, Defendants proffer two affidavits signed by Baldemar Fuentes and several e-mail messages dated July 31, 2005; August 10, 2005; February 22, 2006; and May 9, 2006. *See* Dkt. No. 11 Ex. H–J. Defendants assert that this evidence creates a fact issue about whether Rosero and Baldemar Fuentes reached an unwritten agreement to participate as partners in a joint venture. *See* Dkt. No. 11 at 13–20; *id.* Ex. J. In one of his affidavits, Fuentes avers that, after the agreement was reached, he and Rosero

---

[5] Article 5 of the UCC defines a letter of credit as:
> "a definite undertaking that satisfies the requirements of Section 5.104 by an issuer to a beneficiary at the request or for the account of an applicant or, in the case of a financial institution, to itself or for its own account, to honor a documentary presentation by payment or delivery of an item of value."

TEX. BUS. & COMM. CODE § 5.102(10) (Vernon 2011).

[6] The drafting of a letter of credit involves three parties: the account party, the beneficiary and the issuer. Normally, the account party and the beneficiary are conducting business as buyer and seller respectively. If the seller refuses to rely solely on the buyer's credit, then a letter of credit can be employed to substitute the issuer's credit for the credit of the buyer.
Accordingly, the usual letter of credit situation involves three functionally related, but legally separate agreements. The first agreement is between the buyer/account party and the seller/beneficiary involving the underlying transaction. The second agreement is between account party and the issuer whereby the issuer agrees to lend its credit to assist the account party. The third agreement, or the letter of credit, is between beneficiary and the issuer.

*Westwind Exploration, Inc.*, 696 S.W.2d at 380–81 (citations omitted).

"continued to draft promissory note(s) and [Rosero] insisted that the note be made in order to protect her daughters, only in the case that she should perish." *Id.* Ex. J at 2. Thus, Defendants offer Fuentes's affidavits and the e-mail messages to vary the note's payment term by showing the existence of a joint venture agreement allegedly reached before August 6, 2007. In response, Plaintiff invokes the parole evidence rule to argue that the Court should exclude this evidence from consideration. *See id.*

"When parties have concluded a valid integrated agreement with respect to a particular subject matter, the [parol evidence] rule precludes the enforcement of inconsistent prior or contemporaneous agreements." *Hubacek v. Ennis State Bank*, 317 S.W.2d 30, 31 (Tex. 1958) (citations omitted).

> When parties reduce an agreement to writing, the law of parol evidence presumes, in the absence of fraud, accident, or mistake, that any prior or contemporaneous oral or written agreements merged into the written agreement and, therefore, that any provisions not set out in the writing were either abandoned before execution of the agreement or, alternatively, were never made and are thus excluded from consideration in interpreting the written agreement.

*DeClaire v. G & B Mcintosh Family Ltd. P'ship*, 260 S.W.3d 34, 45 (Tex.App.–Houston [1st Dist.], 2008) (citing *Hubacek*, 317 S.W.2d at 31) (other citations omitted). The following rules govern the determination of whether an agreement is fully integrated:

> An agreement is integrated if the parties intended a writing to be a final and complete expression of agreed terms. The inclusion of a merger or integration clause does not conclusively establish that the written contract is fully integrated. A fully integrated written agreement is a final and complete expression of all the terms agreed upon by the parties. A partially integrated agreement is a final and complete expression of all the terms addressed in that written agreement, but is not a final and complete expression of all the terms the parties have agreed upon. A court considers the surrounding circumstances in

> determining whether, and to what degree, an agreement is integrated.

*Adams v. McFadden*, 296 S.W.3d 743, 751 (Tex.App.–El Paso, 2009) (internal citations omitted) (citing *Morgan Buildings and Spas, Inc. v. Humane Society of Southeast Tex.*, 249 S.W.3d 480, 486 (Tex.App.-Beaumont 2008, no pet.)); *see also Sun Oil Co. v. Madeley*, 626 S.W.2d 726, 731–32 (Tex. 1981) (holding that surrounding circumstances are considered in determining whether written agreement is complete and exclusive statement of terms).

Texas courts consistently apply the parol evidence rule strictly to promissory notes.[7] *See DeClaire*, 263 S.W.2d at 46; *Simmons v. Compania Financiera Libano, S.A.*, 830 S.W.2d 789, 791 (Tex.App.-Houston [1st Dist.] 1992, writ denied); *Tex. Export Dev. Corp. v. Schleder*, 519 S.W.2d 134, 137 (Tex.Civ.App.–Dallas 1974, no writ). In *Texas Export Development Corp.*, for example, the defendant who was the maker of the promissory note filed an affidavit stating that he and the obligees reached an oral agreement before he signed the note. 519 S.W.2d at 136. He asserted that he and the obligees agreed that they would look only to certain funds he expected to receive to satisfy the note. *Id.* The court held that the parol evidence rule precluded consideration of this statement "because it negates the very obligation imposed upon him in the written instrument." *Id.* at 137 (citing *Snowden v. Franklin Nat'l Bank*, 338 F.2d 995, 996 (5th Cir. 1964)).

In this case Defendants also seek to vary with extrinsic evidence of a prior oral agreement the unconditional payment obligation set forth in the note, and the same result must therefore obtain under Texas law. *See Tex. Export Dev. Corp.*, 539 S.W.2d at 137; *Harbison v. Briggs Bros. Paint Mfg. Co.*, 354 S.W.2d 464 (Tenn. 1962); *Snowden*, 338 F.2d at 995. The August 7, 2006, note—signed by Defendants—concludes by stating that "[t]his note is meant to substitute any other loans previously granted. All other notes are considered null and void." *See* Loan

---

[7] Extrinsic evidence may be admitted for any of the ordinary purposes, however, such as to show fraud or the absence of consideration. *See Wilson & Wilson Tax Services, Inc. v. Mohammed*, 131 S.W.3d 231, 2341-43 (Tex. App.–Houston [14th Dist.] 2004) (holding parol evidence appropriate on issue of consideration supporting promissory note).

Agreement, Dkt. No. 1 Ex. 1-B at 5. Defendants offer Fuentes's affidavits and the e-mail messages asserting the existence of a joint venture agreement allegedly reached before August 6, 2007. *See* Dkt. No. 11 Ex. H–J. After considering the surrounding circumstances, the Court finds the August 7, 2006, note to be "a final and complete expression of agreed terms." *Adams*, 296 S.W.3d at 751.

Because the Court finds that the written promissory note in this case is a valid and fully integrated agreement between the parties, the parol evidence rule "precludes the enforcement of inconsistent prior or contemporaneous agreements[,]" including Fuentes's affidavits and e-mail messages that purportedly show the existence of a joint venture agreement reached before August 6, 2007. *Hubacek*, 317 S.W.2d at 31.

### IV. CONCLUSION

Plaintiff has proven the necessary elements of a promissory note action under Texas law and Defendants have failed to produce evidence of a genuine issue of material fact for trial. For the reasons given, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, Dkt. No. 10, and **DENIES** Defendants' Motion to Dismiss and for Summary Judgment, Dkt. No. 20. It is so **ORDERED**.

DONE at Brownsville, Texas, on September ___8___, 2011.

Hilda G. Tagle
United States District Judge